IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **EDDIE PAUL SMITH**, | Case No. 3:24-cv-00234-IM |
| Plaintiff, | **OPINION AND ORDER DISMISSING COMPLAINT** |
| v. | |
| **DEPARTMENT OF VETERANS AFFAIRS REGIONAL OFFICE**, **MICHAEL VILKINS**, in his professional capacity, **DAVID B. LOWE**, in his professional capacity, and **JOHN DOE 1–50**, | |
| Defendants. | |

**IMMERGUT, District Judge.**

This matter concerns Plaintiff Eddie Paul Smith's pro se Application for Leave to Proceed *In Forma Pauperis* ("IFP"), ECF 2. As part of the IFP application process, the Court has screened Plaintiff's Complaint, ECF 1. For the reasons explained below, this Court DISMISSES Plaintiff's Complaint because this Court lacks the subject-matter jurisdiction to hear Plaintiff's Fifth Amendment due process claim against Defendants.

PAGE 1 – OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT

**LEGAL STANDARDS**

The federal IFP statute, 28 U.S.C. § 1915, permits an indigent litigant to forgo the administrative costs associated with initiating and prosecuting a lawsuit in federal court. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). In drafting § 1915, Congress recognized that a litigant who is not required to shoulder the financial burden of litigating may lack "an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To temper such abuses, § 1915(e) authorizes a district court to dismiss a complaint upon finding that it (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *id.* § 1915A(b). A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, thereby "spar[ing] prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324; *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc) (explaining that § 1915(e) applies to all IFP complaints, and not just those filed by individuals in custody).

As the Ninth Circuit has instructed, however, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a self-represented litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez*, 203 F.3d at 1130–31 (citation omitted).

**DISCUSSION**

Plaintiff brings this suit against the Portland Regional Office of the Department of Veterans Affairs ("VA") and individuals "employed by the [VA] and acting in their official capacity." Complaint, ECF 1 at 7. Plaintiff claims that he has been improperly denied retroactive

PAGE 2 – OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT

disability benefits for the years 1975 to 2018. *Id.* During his application process, he alleges, Defendants "denied [him] due process by denying [him] fair adjudication." *Id.* Specifically, Plaintiff contends that Defendants misinformed him during a VA appointment on April 4, 2023 that his retroactive benefits had been approved, when in fact that was not the case. *Id.* at 8. Although Plaintiff invokes the Due Process Clauses of the Fifth and Fourteenth Amendments as well as the Fourteenth Amendment's Equal Protection Clause, only the Fifth Amendment is at issue here because the Fourteenth Amendment does not apply to the federal government, of which the VA is a part. *See Bolling v. Sharpe*, 347 U.S. 497, 499–500 (1954).

This Court lacks the jurisdiction to hear Plaintiff's case as currently pleaded. "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citation omitted); *see* Fed. R. Civ. P. 12(h)(3). 28 U.S.C. § 1331 confers district courts with original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "Congress, though, may substitute for that district court authority an alternative scheme of review." *Axon Enter., Inc. v. Fed. Trade Comm'n*, 598 U.S. 175, 185 (2023).

Congress has done so for cases where a plaintiff challenges a VA benefits decision. Under 38 U.S.C. § 511, "a district court does not have jurisdiction over claims that would require it to review a question of fact or law relating to or affecting veterans' benefits decisions." *Recinto v. U.S. Dep't of Veterans Affs.*, 706 F.3d 1171, 1175 (9th Cir. 2013) (citing *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1022–25 (9th Cir. 2012) (en banc)). That is, "if reviewing Plaintiff['s] claim would require review of the circumstances of individual benefits requests, jurisdiction is lacking." *Id.* "This is true even if the veteran dresses his claim as a constitutional challenge . . . ." *Veterans for Common Sense*, 678 F.3d at 1023 (citations omitted).

PAGE 3 – OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT

In *Veterans for Common Sense*, for instance, the Ninth Circuit declined to hear a Fifth Amendment due process challenge against the VA's system for adjudicating veterans' eligibility for disability benefits because it could not "decide [this] claim[] without determining whether the VA acted properly in handling individual veterans' benefits requests at each point in the process." *Id.* at 1029.

As a consequence, 38 U.S.C. § 511 prevents this Court from hearing Plaintiff's case as currently pleaded. In his Complaint, Plaintiff raises a Fifth Amendment challenge to a specific denial of his request for retroactive benefits. This claim "would require review of the circumstances of [Plaintiff's] individual benefits request[]," which § 511 plainly forbids this Court from doing. *Recinto*, 706 F.3d at 1175; *see also Swanson v. U.S. Att'y Gen.*, 3:17–cv–00216–MO, 2017 WL 2888568, at *2 (D. Or. July 6, 2017) ("Under [§ 511], then, this Court does not have subject matter jurisdiction to review the denial of veterans' benefits."). This Court thus has no choice but to dismiss Plaintiff's Complaint. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case." (citation omitted)).

The dismissal will be without prejudice. "Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (citations omitted). That said, if Plaintiff wishes to challenge the particular denial of benefits described in his current Complaint, he must pursue his claim in the United States Court of Appeals for Veterans Claims and the United States Court of Appeals for the

PAGE 4 – OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT

Federal Circuit, as prescribed by statute. *See* 38 U.S.C. §§ 7252, 7292; *Veterans for Common Sense*, 678 F.3d at 1021–22.

## CONCLUSION

This Court DISMISSES without prejudice Plaintiff's Complaint, ECF 1, for lack of subject-matter jurisdiction. If Plaintiff believes he can cure the deficiencies described in this Opinion and Order, he can file an amended complaint within thirty (30) days. If Plaintiff does not file an amended complaint in that time period, this Court will enter judgment dismissing the case with prejudice.

**IT IS SO ORDERED.**

DATED this 13th day of February, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge